UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DIEGO FELIPE BARBOSA VASQUEZ, ANGIEE LILIANA ROCHA PARRA, <br><br> Plaintiffs, <br><br> v. <br><br> HUNTER BLOOMINGTON PROPERTIES, LLC, TRACEY WALKER, CLAY BURNETTE, <br><br> Defendants. | No. 1:21-cv-01012-JMS-TAB |

**ORDER ON DEFENDANT'S
MOTION TO DISMISS**

**I.    Introduction**

Plaintiffs Diego Felipe Barbosa Vasquez and Angiee Liliana Rocha Parra filed a complaint against Defendants Hunter Bloomington Properties, LLC, Tracey Walker, and Clay Burnette in this Court for discriminatory housing practices in violation of the federal Fair Housing Act, breach of contract, and negligence.  Defendant Hunter Bloomington Properties, LLC moved to dismiss Plaintiffs' complaint for improper venue.  [Filing No. 12.]  Defendant argues that this matter should be dismissed because the parties entered into a lease agreement with a forum selection clause providing that all claims between the parties shall be brought in the courts of Monroe County, Indiana.  As explained below, the lease agreement contained a valid and enforceable forum selection clause, and the correct venue for this matter is the state court in Monroe County.  Accordingly, Defendant's motion to dismiss is granted.

**II.     Discussion**

Plaintiffs signed a lease agreement with Defendants in July 2020 to lease one of Defendants' properties in Bloomington, Indiana, which is located in Monroe County.  [Filing No. 1-1.]  Section 27 of the lease agreement stated, in relevant part: "**Claims**.  All claims, including without limitation claims for injury and/or death, will be governed by the internal laws of the State of Indiana with respect to contracts made and events occurring within Indiana and that exclusive jurisdiction will be in the courts of Monroe County, Indiana."  [Filing No. 1-1, at ECF p. 8.]  On April 23, 2021, Plaintiffs filed their complaint against Defendants for discriminatory housing practices, breach of contract, and negligence with this federal court in the Southern District of Indiana.  [Filing No. 1.]

Defendant Hunter Bloomington Properties moved to dismiss Plaintiffs' complaint for improper venue under Fed. R. Civ. P. 12(b)(3), but argued that the forum selection clause may be enforced through *forum non conveniens*.  Federal Rule of Civil Procedure 12(b)(3) allows for dismissal of a complaint for improper venue.  Whether venue is improper is generally governed by 28 U.S.C. § 1391, which notes that a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)-(3).  However, whether the parties entered into a contract containing a forum selection clause has no bearing on whether this case falls into one of the categories of cases listed in § 1391, and Defendant does not argue that this case involves one of those three categories.

Rather, Defendant contends that the parties entered into a forum selection clause that points to a non-federal forum, so the Court should enforce that clause through *forum non conveniens*. The Supreme Court explained in *Atlantic Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 60, 134 S. Ct. 568, 580 (2013):

> If venue is proper under federal venue rules, it does not matter for the purpose of Rule 12(b)(3) whether the forum-selection clause points to a federal or a nonfederal forum. Instead, the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*.

The Seventh Circuit applied *Atlantic Marine* in *Mueller v. Apple Leisure Corp.*, 880 F.3d 890 (7th Cir. 2018). In *Meuller*, the parties filed a lawsuit in federal court in the Eastern District of Wisconsin, but their contract contained a forum selection clause requiring the parties to litigate disputes in Delaware County, Pennsylvania. *Id*. at 893. The Seventh Circuit, applying *Atlantic Marine*, reiterated that when a forum selection clause requires suit in a specific nonfederal forum, the doctrine of *forum non conveniens* "is the proper vehicle to enforce the clause." *Id*. at 894.

This Court has applied *Atlantic Marine* and reached the same conclusion—to enforce a forum selection clause through the doctrine of *forum non conveniens*—numerous times as well. *See, e.g., Jailani v. QFS Transportation, LLC*, No. 4:20-cv-55-TWP-DML, 2020 WL 2847019, at *2 (S.D. Ind. June 2, 2020) ("The appropriate basis for enforcing a forum selection clause pointing to a state forum is through the doctrine of *forum non conveniens*." (Internal citation, quotation marks, and ellipses omitted)); *Gonzalez v. Landes Foods, LLC*, No. 1:18-cv-196-JMS-DML, 2018 WL 1312207, at *2 (S.D. Ind. Mar. 14, 2018) ("Though neither party addresses the issue, the appropriate basis for enforcing a forum selection clause pointing to a state forum is through the doctrine of *forum non conveniens*." (Internal citation, quotation marks, and ellipses

3

omitted)); *County Materials Corp. v. Indiana Precast, Inc.*, No. 1:16-cv-1456-TWP-MJD, 2017 WL 347474, at *2 (S.D. Ind. Jan. 23, 2017) ("Where venue is proper under Section 1391, the mere existence of a forum selection clause does not render venue improper under Rule 12(b)(3). However, a forum selection clause may be enforced through a motion to dismiss pursuant to the doctrine of *forum non conveniens*. . . . Except in unusual cases, when parties agree to a valid forum selection clause, courts should transfer to the forum specified in that clause." (Internal citations omitted)). *See also Living Vehicle, Inc. v. Aluminum Trailer Co.*, No. 3:21-cv-149-DRL-MGG, 2021 WL 2721261, at *2-3 (N.D. Ind. July 1, 2021) ("Living Vehicle incorrectly posits this motion under Rule 12(b)(3). That rule only applies when venue proves 'wrong' or 'improper.' This federal district is proper venue. The question is whether the parties preferred another venue—a state venue—by contract. The court must analyze this under the non-statutory iteration of *forum non conveniens*." (Internal citations omitted)).

    The Supreme Court further noted in *Atlantic Marine* that while a typical case considering a *forum non conveniens* motion requires evaluation of both the convenience of the parties and various public-interest considerations, the calculus changes when the parties' contract contains a valid forum selection clause. *Atlantic Marine*, 571 U.S. at 63. In this case, Plaintiffs bear the burden of establishing that transfer to the forum for which the parties bargained is unwarranted. *Id.* In addition, the Court should not consider arguments about the parties' private interests, since the parties waive the right to challenge the preselected forum as inconvenient or less convenient when they agree to a forum selection clause. *Id.* at 64. Thus, this Court may consider arguments only about public-interest factors only, which will rarely be enough. *Id. See also Mueller*, 880 F.3d at 894 ("So when a forum-selection clause is in play, the analysis is limited to public-interest factors. And because those factors are rarely strong enough to override the parties'

preselected forum, the practical result is that forum-selection clauses should control except in unusual cases." (Internal citations and quotation marks omitted)).

Here, the language in the lease agreement clearly states that exclusive jurisdiction will be in the courts of Monroe County, Indiana. [Filing No. 1-1.] The Southern District of Indiana is not a court of Monroe County, Indiana. The only court located in Monroe County, Indiana is the Monroe Circuit Court, a state court. Thus, the forum selection clause at issue does not extend to the Southern District of Indiana. *See, e.g., County Materials Corp.*, 2017 WL 347474, at *3 (forum selection clause identifying Hancock County, Indiana as the exclusive venue for resolving disputes did not extend jurisdiction to the Southern District of Indiana); *Jailani*, 2020 WL 2847019, at *4 (removal to this Court from Dearborn County, Indiana not proper where forum selection clause stated any dispute should be brought in that county).

Moreover, the forum selection clause at issue is valid and enforceable. Plaintiffs have not set forth any claim that the forum selection clause was included in the lease executed by Plaintiffs as a result of fraud or undue influence. The parties agreed to litigate any disputes in the courts of Monroe County. Plaintiffs do not allege any fraud, undue influence, or that the lease agreement is unenforceable. And the clause does not contravene public policy. Plaintiffs have not set forth any public interest to justify overriding the contractual choice of forum. Rather, Plaintiffs' main argument is that the language is ambiguous and should be construed against Defendant as the drafter. The Court disagrees. Section 27 of the lease agreement is a valid and enforceable forum selection clause that unambiguously identifies Monroe County as having exclusive jurisdiction over any related claims. Thus, a state court in Monroe County should address this case in its entirety. Therefore, Defendant's motion to dismiss is granted.

### III. Conclusion

The parties entered into an agreement containing a valid forum selection clause requiring this lawsuit to be litigated in a state court in Monroe County.  Accordingly, for the above reasons, the Court grants Defendant's motion to dismiss without prejudice.  [Filing No. 12.]

Date: 7/19/2021

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email